## COMMONWEALTH *vs.* JAMES GALLAGHER.

A complaint for larceny sufficiently describes the kind and value of property stolen as "copper coin of the value of two dollars and seventy five cents."

COMPLAINT for larceny of "copper coin of the value of two dollars and seventy five cents," of the goods and chattels of Elisha Brown and Charles Goodrich and in their possession. The defendant, after conviction in the superior court in Suffolk, moved in arrest of judgment. *Rockwell*, J. overruled the motion, and he alleged exceptions.

*W. H. Mc Cartney*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. In *Commonwealth* v. *Sawtelle*, 11 Cush. 142, and in *Commonwealth* v. *Duffy*, 11 Cush. 145, it was decided that an indictment for larceny of sundry pieces of gold coin current in this commonwealth, or sundry bank bills current as money in this commonwealth, amounting in the whole to a certain sum mentioned, was sufficient, when the indictment stated that the grand jurors had not the means of describing the coins or bank bills more particularly. But it was said by the court, in the first of those cases, (as it had been previously said in *Larned* v. *Commonwealth*, 12 Met. 246,) that it had long been the settled practice in Massachusetts to charge a larceny of silver coins in the manner in which the larceny of gold coins was charged in that case, without stating, in the indictment, that the grand jurors could not more particularly describe them. And so it was subsequently decided, in *Commonwealth* v. *Stebbins*, 8 Gray, 492, as to an indictment for larceny of bank bills.

An indictment for larceny of coins usually alleges them to be money current in the Commonwealth. But we do not deem this to be necessary; for coins not here current as money are doubtless the subject of larceny. And in *United States* v. *Rigsby*, 2 Cranch C. C. 364, it was decided that an indictment for larceny of "one silver coin of the value of fifty cents" was sufficiently certain, and that it was not necessary to allege its value

in the current money of the United States or of any other country.

It is objected to the complaint in the present case, that it does not appear therefrom whether one copper coin was stolen or more than one. But we are of opinion that "copper coin of the value of two dollars and seventy five cents" does not legally mean a copper coin, or one copper coin, but more than one, and as many as are necessary to constitute the alleged value. It is said, in Termes de la Ley, a work of high reputation, that "coin is a word collective, which contains in it all manner of the several stamps and portraitures of money." Williams and Tomlins, in their law dictionaries, say that the collective word "coin" contains in it "all manner of the several stamps and species of money in any kingdom." And we doubt not that this legal meaning of the single word "coin" is the same which is understood by people generally, as well as by professional men. It is the meaning given not only in law dictionaries, but by all lexicographers. As the word "coin," without any prefix, means metallic money generally, so "copper coin," without any further description, means copper money generally, and not a single coin, nor any specific number or kind of coins. In the present case, the words "copper coin" have the same meaning as copper coins.                    *Exceptions overruled.*